**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN SLIDER, | No. C 08-4847 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| CITY OF OAKLAND, *et al.*, | |
| Defendants. | |

Defendant has filed a motion to dismiss the complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the March 27, 2009 hearing. For the reasons set forth below, the Court GRANTS in part defendant's motion, and GRANTS plaintiff leave to amend.

**BACKGROUND**

Plaintiff Sean Slider filed this lawsuit against the City of Oakland; Wayne Tucker, in his official capacity as Chief of Police for the City of Oakland; A & B Auto Company; and Does 1-50. This case arises out of the October 3, 2007 arrest of Mr. Slider by Oakland police officers, and the concomitant impoundment of his vehicle. Plaintiff, who is African-American, alleges that in the early morning hours of October 3, 2007, he was driving lawfully in Oakland when he was pulled over by Oakland police officers. Compl. ¶ 11. The complaint alleges that "[a]lthough plaintiff had committed no infraction or violation of the law, and had taken no suspicious actions, the Defendant Officer DOE at the driver's side window asked Plaintiff if he was on probation or parole." *Id.* ¶ 12. Plaintiff was not on probation or parole. *Id.* The officer informed plaintiff that he had pulled plaintiff over for not having a rear license

1 plate, and plaintiff "pointed out the license plate affixed to the interior of his vehicle's rear window, 2 which is visible to any person who looked at the rear window of Plaintiff's vehicle." *Id*. The officer 3 then checked plaintiff's license and registration, and after discovering that plaintiff's license was 4 suspended, arrested plaintiff and placed him in the rear of the police vehicle. *Id*. ¶ 13.

5 The complaint alleges that at the time of the arrest, plaintiff had, among other items, a laptop 6 computer, a Sony Playstation Portable, and a keyboard in his vehicle. *Id*. ¶ 10. When he was arrested, 7 plaintiff asked one of the officers if the items in his vehicle had been inventoried, and the officer told 8 plaintiff that everything had been inventoried. *Id*. ¶ 17. Plaintiff asked to see the inventory paper, but 9 the officer told plaintiff that he had left the inventory sheet inside plaintiff's vehicle before it was towed 10 by defendant A & B Auto Company. *Id*. ¶¶ 15, 18.

11 Plaintiff was transported to the Oakland City Jail, where he was held for approximately three 12 days. *Id*. ¶ 19. While he was in jail, plaintiff's mother and a friend went to the A & B impound lot to 13 inquire about plaintiff's possessions. *Id*. The complaint alleges that an A & B representative informed 14 plaintiff's mother and friend that A & B had no property inventory pertaining to the vehicle. *Id*. 15 Plaintiff's keyboard was still in the vehicle, but the laptop computer and Sony Playstation Portable were 16 missing. *Id*. Plaintiff's mother filed a complaint with the Internal Affairs division of the Oakland Police 17 Department regarding the missing property. *Id*. As of October 22, 2008, the date plaintiff filed this 18 action, plaintiff's laptop computer and Sony Playstation Portable had not been returned to him. *Id*. ¶ 19 20.

20 The complaint alleges eight causes of action: (1) a § 1983 claim against Does 1-10 alleging 21 violations of plaintiff's Fourth, Fifth and Fourteenth Amendment rights; (2) a § 1983 claim against the 22 City, Tucker, and Does 11-25 for violations of plaintiff's Fourth, Fifth and Fourteenth Amendment 23 rights; (3) a § 1983 *Monell* claim against the City; (4) intentional infliction of emotional distress against 24 Does 1-10; (5) a violation of Cal. Civ. Code § 51.7 against Does 1-10; (6) a violation of Cal. Civ. Code 25 § 52.1 against Does 1-10; (7) negligence against Does 1-10, A & B Auto Company, and Does 26-50; 26 and (8) conversion against Does 1-10, A & B Auto Company, and Does 26-50.

27
28

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Doe defendants**

Defendants move to dismiss all claims on the ground that the use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff responds that "the true factual posture" of this action required the use of Doe defendants. Plaintiff has submitted information about the Internal Affairs investigation into plaintiff's allegedly missing property.

3

That investigation concluded that there was no wrongdoing by the Oakland police officers, and in connection with that investigation, the department produced an inventory slip showing that plaintiff's laptop and Playstation were inventoried prior to the transferring plaintiff's vehicle to A & B Auto Company. Nisenbaum Decl. Ex. B. Thus, plaintiff asserts, at the time of filing the complaint it would have been improper to name the arresting officers as defendants because any number of known and unknown officers had the opportunity to steal plaintiff's belongings after the arresting officer completed the inventory sheet. Plaintiff also informs the Court that after this lawsuit was filed, defendant A & B produced to plaintiff's counsel A & B's copy of the same inventory sheet, which was created as a carbon copy from the original, showing the "personal property" section of the form as blank. *Id*. Ex. C. Plaintiff asserts that the differing versions of the tow slips "reveal that the inventory portion of the City's copy of the slip was completed after the duplicate form had been removed from the original, and that the original was then tampered with and whomever did so committed fraud." Opposition at 10:12-15. Plaintiff also asserts that the fraud may have been endorsed by the Internal Affairs department.

Defendants correctly note that none of this information – aside from the fact of the Internal Affairs investigation – is in the complaint. As such, the Court grants plaintiff leave to amend to include this information in the complaint. Although the use of Doe defendants is disfavored, where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them, *Gillespie*, 629 F.2d at 642, and the failure to afford this opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the Court dismisses the claims against the unnamed Doe defendants without prejudice. Should plaintiff learn the identity of Doe defendants through discovery, he may move to amend the complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003). The Court also notes that plaintiff's opposition papers – which assert that the tow slip was doctored by the same person who originally completed the tow slip – suggest that plaintiff is now in the position to name at least some of the Doe defendants.

Moreover, to the extent that plaintiff alleges that defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures, as well his rights under Cal. Civ. Code § 51.7 (to be free from violence and intimidation) and Cal. Civ. Code § 52.1 (for failure to make a proper or

4

reasonable detention), plaintiff presumably can name the defendants allegedly responsible for those violations since he knows the identities of the arresting officers.

## II.     *Monell* claim

Defendants contend that plaintiff's *Monell* claim is formulaic and does not identify any specific policy. Defendants are correct that the alleged policy – "that of allowing the theft of arrestees' property, the fraudulent inventory slip doctoring to allow for the theft, the audacious behavior of the officers goading the arrestee about the use of his property that now belongs to the officer, and rubber stamping this behavior by conducting a farce of an investigation that yields no finding and arguably allows for the doctoring of the inventory slip to occur" – is not alleged in the complaint. The Court GRANTS plaintiff leave to amend the *Monell* claim to more specifically allege the policy or custom that he is challenging, and how that policy or custom deprived him of constitutional rights. To the extent defendants assert that a policy or custom of ratifying officers' theft of arrestees' property does not implicate federal constitutional rights, the Court disagrees.

## III.    Cal. Civ. Code § 51.7

Defendants also contend that plaintiff's claim under Cal. Civ. Code § 51.7 fails because plaintiff has not alleged that defendants victimized plaintiff by "violence or intimidation by threat of violence." Section 51.7 provides that "[a]ll persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of [enumerated characteristics]." Cal. Civ. Code § 51.7(a). Plaintiff responds that the defendant police officers targeted him on account of his race, and that they "used their law enforcement authority to unlawfully arrest as a form of intimidation." Opposition at 12-13.

The Court agrees with defendants that Section 51.7 requires an allegation of "violence of intimidation by threat of violence," and that plaintiff's allegation that defendants used "law enforcement authority" is insufficient to state a claim under Section 51.7. *See Egan v. Schmock*, 93 F. Supp. 2d 1090, 1094 (N.D. Cal. 2000); *see also Moreno v. Town of Los Gatos*, 2008 WL 467777, at *1 (9th Cir. Feb.

21, 2008) ("We agree with the district court that an arrest or threat of arrest alone does not necessarily involve violence or a threat of violence, and affirm its dismissal of Moreno's Fourth Cause of Action"). The Court will GRANT plaintiff leave to amend this claim. If plaintiff amends this claim, plaintiff must be mindful of the allegations contained in the tort claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss and GRANTS plaintiff leave to amend. (Docket No. 10). Plaintiff must file the amended complaint no later than **April 7, 2009**.

**IT IS SO ORDERED.**

Dated: March 24, 2009

SUSAN ILLSTON
United States District Judge